THE PEOPLE ex rel. JOHN COLLER vs. THE BOARD OF SUPERVISORS
of the County of Dutchess.

The practice in cases of mandamus, to obtain a peremptory writ by the relator, after return to an alternative is made, is, that after the facts of the case are settled, either by an issue and verdict, or by default of one of the parties, the relator must move the court on notice to the opposite party, upon the return, pleadings, verdict, &c.

Where the Defendants in their return to an alternative mandamus set up several matters of defence, some of fact and some of law, to some of the matters of fact the relator pleaded, and the Defendants demurred to the pleas, which demurrer was overruled by the court, in favor of the relator, with leave to Defendants to reply upon the usual terms which they neglected to do; and the relator proceeded and entered their default by a common order, and then entered up judgment for the whole costs of the cause, and a peremptory mandamus—*held*, that the judgment was irregular. It could not be entered up without a special order of the court.

The court is vested with a *discretion* in awarding or refusing costs to any party in suits and proceedings upon writs of mandamus; and the relator could not enter a judgment for such costs, without the special order of the court.

Another difficulty in the relator's entering judgment for a peremptory writ in this case was, that he had not disposed of the matters of law set up in the return either by plea or demurrer.

Motion to set aside judgment for irregularity. The relator obtained an alternative mandamus in April, 1845, requiring the Defendants to audit and allow certain accounts for services performed by him as a Justice of the Peace under the act entitled "of beggars and vagrants." The Defendants made a return admitting that said accounts were presented to the board of supervisors at their annual meeting in 1844, with other accounts, and that a portion of the claim was disallowed and rejected; and setting forth several reasons for such disallowance and rejection, among which were the following:

1. That the justice did not obtain legal jurisdiction of the vagrants touching whom the services were rendered.

2. That no evidence was furnished to the board by the relator, that said vagrants were legally arrested.

3. That the Defendants have no authority by law to allow such accounts.

4. That the statutes do not authorize or allow such charge.

To this return the relator pleaded,

1. That he did obtain legal jurisdiction under the title aforesaid.

2. That said vagrants were legally arrested by constables on the requirement of some person and brought before said justice pursuant to said title.

To these pleas the Defendants demurred, and this court, at the general term held in Dutchess in June last, gave judgment for the relator on the demurrer, with leave to Defendants to reply on the usual terms.

The Defendants not replying to said pleas, their default was entered by a common order in August. The Defendants declining to pay the costs of the Demurrer, the relator's attorney proceeded to enter up judgment for the costs of the cause and a peremptory mandamus—the record being

signed and filed Dec. 11, 1848. The Defendants now move to set aside the judgment; and for leave to come in and reply.

R. BARNARD, *for Relator.*

C. SWAN, *for Defendants.*

BARCULO, Justice.—The Defendants are too late to come in and reply, as they do not show any satisfactory excuse for their delay of six months. This part of the motion cannot, therefore, be granted.

But I think the relator is *irregular* in entering up his judgment without the special order of the court. This will be apparent from a brief consideration of the statute governing the peculiar pleadings and proceedings on mandamus.

The statute provides (2 R. S., 586, § 55,) that the relator "may demur or plead to all or *any* of the material facts contained in the return."

Hence it follows that if the return sets up several material facts, the relator may deny *any one* or more of them, and have them settled by the verdict of a jury, or admitted by the default of the Defendants in not replying to them. If the Defendants demur to such plea, the court can only pass upon the sufficiency of the plea standing by itself; as every plea must stand or fall by its own merits. The decision of the court sustaining the plea, establishes only that the plea tenders an issue upon *a material fact.* It does not establish that the plea is a full answer to the return. The science of pleading, which requires an issue to be tendered to a single point, is inconsistent with the idea that a plea must answer the whole return. It may require a number of pleas to answer a return; and as each one must be tested separately by the question whether it tenders an issue upon a material fact—each one of several may be good, although *all of them together* do not answer the whole return. For if a plea tender a material issue, it cannot be held bad on the ground that the return contains *other* material facts not answered.

Now in this case the Defendants set up several defences; some of *law* and some of *fact.* The relator pleads to some of the matters of fact. The Defendants having demurred, and the demurrer having been overruled, and they not having replied, they admit the facts set forth in those pleas. How then stands the case? Is the relator entitled to his peremptory mandamus of course? By no means. For he has admitted the facts in the return which he has not denied. Among them is the fact that no vouchers or evidence was furnished showing the arrest of the alleged vagrants. The Defendants are clearly entitled to be heard upon this point. They are also entitled to be heard on the law question which they

raise. They may perhaps be able to show that the statute does not authorize such services; or that it does not authorize the Defendants to audit and allow such accounts. It is possible for a relator to succeed on all the issues of fact, and yet the law be clearly against his right to a peremptory mandamus. At all events, such a writ is not granted of course, nor without notice and an opportunity for the Defendants to be heard upon the law and the merits of the case.

My view of the practice in cases of mandamus is this : After the facts of the case are settled, either by an issue and verdict, or by default of one of the parties, the relator, to retain a peremptory mandamus, must move the court, on notice to the opposite party, upon the return, pleadings, verdict, &c.; when the court can, in view of the whole case, pronounce upon the rights of the respective parties.

The proceeding is, in many respects, *sui generis*, and can hardly be compared to an ordinary common law action. The closest analogy between this case and that of an ordinary action, will be found in the case of a Defendant who pleads the general issue and several special pleas, to one of which the Plaintiff replies specially and the Defendant is defaulted for not rejoining after the replication has been adjudged good on demurrer. The Plaintiff in such a case cannot enter up final judgment when he has got rid of one of the special pleas. He must go and get rid of all of them; and even when he has disposed of them he must still go to trial, and may be beaten on the *general issue*. So in this case the relator must show the court, not merely that *one* or *two* of the grounds of defence relied on are untenable, but that *all* of them are insufficient to prevent a peremptory mandamus.

There is another insuperable objection to this judgment. It is entered up for the relator's *whole costs of the cause*. By the act of 1833, the court is vested with a *discretion* in awarding or refusing costs to any party in suits and proceedings upon writs of mandamus. A judgment for costs cannot therefore be entered without the special order of the court.

The judgment and all subsequent proceedings must be set aside.