## SUPREME COURT.

The People ex rel. Jerome B. Parmenter agt. James S. Wadsworth, as Comptroller, &c.

*Code of Civil Procedure, secs.* 1013, 2083 —*Reference*— *when issue of fact joined upon an alternative mandamus may be tried by a referee*—*Compulsory reference, in what cases may be made.*

Where the return and answer to an alternative *mandamus* shows that the trial of the issues made thereby, will involve the examination of a long account, a compulsory reference may be ordered by the court.

Sections 1013 and 2083 of the Code of Civil Procedure which are apparently in conflict, reconciled.

*Albany Special Term, April,* 1881.

The People *ex rel.* Parmenter agt. Wadsworth.

WESTBROOK, *J.* — This is an application for a writ of *mandamus*, to compel the comptroller of the state of New York, to pay to the relator, Jerome B. Parmenter, an amount claimed to be due to him for state printing.   To the alternative *mandamus* granted in the cause, a return was made by the comptroller, to which return the relator has answered, controverting and denying certain allegations of fact contained in such return.   The return and the answer thereto show that the trial of the issues made thereby will involve the examination of a long account.   The attorney-general now moves for the trial of such issues of fact by a referee, to be appointed by the court; to which the counsel for the relator objects, unless a referee can be agreed upon by him and the attorney-general, he claiming that by section 2083 of the Code, " an issue of fact joined upon an alternative writ of *mandamus*, must be tried by a jury,   *   *   *   unless a jury trial is waived or a reference is directed by consent of parties."   The objection to the reference, made by the counsel for the relators, cannot be upheld, for the reason that section 2083 of the Code applies to the trial of ordinary issues of fact which are properly triable by a jury.   This construction is justified and made necessary by section 1013 of the Code, which expressly provides that the court may " direct a trial of the issues of fact by a referee when the trial will require the examination of a long account on either side;" and such section further declares that the court may order such reference " of its own motion or upon the application of either party, without the consent of the other."   This clear power, conferred by section 1013, is not expressly taken away by section 2083, and the latter must therefore be construed as if the cases provided for in section 1013 were excepted from its operation.

An order of reference must be made, and counsel may submit names from which a referee may be selected, and the court will, if they are unable to agree, select such referee.