THE PEOPLE OF THE STATE OF NEW YORK ex rel. NICOLA DESIDERIO and Another, Appellants, *v.* HENRY CONNOLLY and Others, Constituting the Board of Sewer Commissioners of Sewer District No. 1 in the Town of Brighton, and Another, Respondents.

Fourth Department, January 7, 1925.

Mandamus — alternative mandamus — court may under Code of Civil Procedure, §§ 2082 and 2083 (now Civil Practice Act, §§ 1332 and 1333), order compulsory reference after commencement of trial, where long account is involved — proceeding relates to completion by respondents of sewer contract originally held by relators — long account is involved.

The court may of its own motion, after the commencement of a trial by a jury on the return to an alternative writ of mandamus, order a compulsory reference under sections 2082 and 2083 of the Code of Civil Procedure (now Civil Practice Act, §§ 1332 and 1333) where a long account is involved.

A long account is involved in this proceeding which relates to the completion of a sewer contract by the respondents, which was originally held by the relators and was taken over by the respondents after considerable work had been done.

CLARK, J., dissents.

APPEAL by the relators, Nicola Desiderio and another, from an order of the Supreme Court, made at the Monroe Trial Term

and entered in the office of the clerk of the county of Monroe on the 22d day of October, 1924, granted by the court of its own motion after the commencement of the trial before a jury, directing the trial of the issues of fact by a referee.

*Benton, McKay & Bown* [*Clarence W. McKay* of counsel], for the appellants.

*Walter A. Swan* [*Percival D. Oviatt* of counsel], for the respondent Board of Sewer Commissioners.

*Edwin C. Smith* [*Percival D. Oviatt* of counsel], for the respondent Town Board of the Town of Brighton.

CROUCH, J.:

By the returns to an alternative writ of mandamus certain issues of fact were joined herein. When the cause came on for trial before a jury, respondents moved for a reference. The motion was denied. After the trial had progressed for two days, the court, of its own motion, against the opposition of relators, made an order of reference. The appeal is from that order.

Appellants claim (1) that the court had no power in a mandamus proceeding to make a compulsory order of reference; and (2) that even though it had such power, the issues here did not involve a long account.

1. Whether the court has power to direct a compulsory reference where a long account is involved in a mandamus proceeding depends upon the construction of sections 1332 and 1333 of the Civil Practice Act, formerly sections 2082 and 2083 of the Code of Civil Procedure.

The proceeding was commenced before the Civil Practice Act took effect. For that reason and because no change pertinent here was made by the Civil Practice Act in the substance of the Code sections, it will be convenient to refer only to the latter.

" § 2082. Except as otherwise expressly prescribed in this act, the proceedings after issue is joined, upon the facts or upon the law, are, in all respects, the same as in an action; and each provision of this act, relating to the proceedings in an action, apply thereto. * * *.

" § 2083. An issue of fact, joined upon an alternative writ of mandamus, must be tried by a jury, as if it was an issue joined in an action specified in section 968 of this act; unless a jury trial is waived, or a reference is directed by consent of parties. * * *."

These sections were formulated by Mr. Throop as part of chapter 16, title 2, article 4, of the Code of Civil Procedure. But they have a deep background. A history of the writ may be found in *Judges of Oneida C. P.* v. *People ex rel. Savage* (18 Wend. 79); *People ex rel. Griffin* v. *Steele* (2 Barb. 397); *People ex rel.*

*Aspinwall* v. *Supervisors of Richmond* (28 N. Y. 112); *People ex rel. Coller* v. *Board of Supervisors* (3 How. Pr. 379).

Prior to the statute of 9 Anne, chapter 20, issues of fact were not tried in mandamus cases, the return being taken as conclusive. If the return was false the party making it was liable to criminal prosecution or to an action on the case for a false return. By section 2 of that statute (See 12 Pick. Stat. 189) provision was made for pleadings subsequent to the return and for proceedings thereafter as in an action on the case for a false return. That statute was re-enacted in this State by the act of February 6, 1788. (See Laws of 1788, chap. 11; 1 R. L. 107.) The substance thereof went into the Revised Statutes. (See R. S. pt. 3, chap. 9, tit. 2, § 54 *et seq.;* 2 id. 586, 587.) Those sections of the Revised Statutes were left intact by section 471 of the Code of Procedure, and the old practice continued in use. (*People ex rel. Lefever* v. *Supervisors of Ulster,* 32 Barb. 473; *People ex rel. Bullard* v. *Contracting Board,* 20 How. Pr. 206.) Apparently, however, with some confusion on certain points. (See Throop's Preliminary Note to article 4 of title 2 of chapter 16 of the Code of Civil Procedure.)

There is no doubt that during all of that time the ordinary mode of trial of issues of fact arising on an alternative writ of mandamus was by jury. (*People ex rel. Bently* v. *Commissioners of Highways,* [1831] 7 Wend. 474; Crary's Practice [1858], 299; *People ex rel. Cagger* v. *Supervisors of Schuyler,* [1866] 2 Abb. Pr. [N. S.] 78, 83; *People ex rel. Tenth Nat. Bank* v. *Green,* [1874] 3 Hun, 208; 5 T. & C. 376; Wood Mandamus [1880], p. 49.)

Moreover, no clear instance of a compulsory reference during that time has been found in the reports. In *People ex rel. McSpedon* v. *Haws* (12 Abb. Pr. 70) it was said, on the facts there, that there should be a reference to ascertain and report whether the amount claimed by relators was actually due and owing for services. While it is not entirely clear from the report, that seems to have been an application for a peremptory writ and the reference suggested seems to have been of the kind mentioned later in *People ex rel. Del Mar* v. *St. L. & S. F. Ry. Co.* (44 Hun, 552), where the court desired further information. The latter case, it has been said, " does not authorize a reference as to a disputed fact." (*People ex rel. Hoffman* v. *Tedcastle,* 12 Misc. 468.)

However, the lack of a reported instance is not conclusive against the existence of the power. The statute relating to compulsory references (now Civ. Prac. Act, § 466, formerly Code Civ. Proc. § 1013), originally enacted by the General Assembly of the Colony of New York in 1768, has been continuously on the statute books since 1788. (4 Colonial Laws of New York [Comp. Stat. Rev.

Comm.], 1040, chap. 1363; Laws of 1788, chap. 46.)   Its history may be found at some length in *Magown* v. *Sinclair* (5 Daly, 63) and, more briefly, in *Steck* v. *Colorado F. & I. Co.* (142 N. Y. 236, 238).

In its original form it applied to " any Cause  *  *  *  (other than such as shall be brought by or against Executors or Administrators)," where the trial would involve the examination of a long account.   (4 Colonial Laws of New York [Comp. Stat. Rev. Comm.], 1040, chap. 1363.)   And so it continued to apply in the act of 1788 (Chap. 46, § 2, " any cause "), except that the clause " other than such as shall be brought by or against Executors or Administrators " was omitted from said act and the act expressly included such executors or administrators.   That provision was continued in the Revised Acts (R. A. of 1801, chap. 90, § 2, " any cause; " 1 K. & R. 347, § 2; Laws of 1801 [2d Meeting], chap. 80; Reprint Laws of 1801, chaps. 90, 193); the Revised Laws (R. L. of 1813, chap. 56, § 2; 1 R. L. 516, § 2, " any cause "); the Revised Statutes (2 R. S. 384, § 39, " a cause "); and the Code of Procedure (§ 271, " an issue of fact ").

The same Legislature (that of 1788) which enacted the statute dealing with the pleadings and mode of trial in mandamus cases enacted the statute giving the court the power to direct a compulsory reference in any cause involving the examination of a long account.   On the face of the statutes as they were originally enacted and as they continued down to the time when the Code of Civil Procedure took effect, an issue of fact in a mandamus case was ordinarily for a jury, with clear power in the court to direct a reference on its own motion where a long account was involved.

We are of opinion that sections 2082 and 2083 of the Code of Civil Procedure did not deprive the court of that power.   The only reported decision dealing with the question is *People ex rel. Parmenter* v. *Wadsworth* (61 How. Pr. 57).   The court there held that " section 2083 of the Code applies to the trial of ordinary issues of fact which are properly triable by jury " and not to cases falling within section 1013 of the Code relating to the trial of issues requiring the examination of long accounts, where the court was empowered to direct a reference on its own motion.   " This clear power," says the court, " conferred by section 1013, is not expressly taken away by section 2083, and the latter must therefore be construed as if the cases provided for in section 1013 were excepted from its operation."

Such construction accords with the well-settled principle that an intention of making an innovation in a long-established rule is not imputed to the Legislature in the absence of a clear manifestation of such intention.   (Statutes and Statutory Construction,

1 McKinney's Consol. Laws, 155, § 89.) This court, in dealing with a somewhat similar question in *Lyman* v. *Gramercy Club* (28 App. Div. 30), said (p. 33): " There is a presumption against an intention on the part of the Legislature to infringe upon the province of the judicial department of the government, and to divest the court of any of its essential powers, or to forbid the exercise of such powers in particular cases, and any construction leading to such a result must be avoided if possible. Such an intention must be expressed in clear and unequivocal terms. There must be express negative words, or the implication must be necessary and irresistible. It is supposed that the Legislature would not make so important an innovation without a very explicit expression of its intention."

We fail to find in the language of sections 2082 and 2083 of the Code of Civil Procedure (now sections 1332 and 1333 of the Civil Practice Act) either an expressed intention or a necessary and irresistible implication of an intention to take away a power which had belonged to the court for nearly a century.

2. But it is urged that in any event the trial of the issues will not require the examination of a long account on either side. Relator had a contract for the construction of a sewer. Respondents, under a provision in the contract, took over the work after it had been under way for some time. It is alleged that it was the duty of respondents thereafter to complete the work within a reasonable time and to pay relator the difference between the necessary cost of completion and the contract price; that at a stated time respondents abandoned the work and that by reason thereof relator became entitled to payment for the work completed under the contract price, less the reasonable and necessary amount expended by the respondents while so carrying on the work. Relator also claims credit for excess cost of work for plant and materials taken over by respondents and for the use of small tools and equipment. It is apparent that the number of items to be litigated is multitudinous. Relator concedes that but says they are merely incidental to the proof of damages for a breach of one contract. That contention is based upon form alone; and at that seems not entirely true. The dealings between the parties did begin with the contract. But the petition indicates that there were other matters in the shape of extras not covered by the contract. Each extra is a separate item in a technical account. When the work was taken over, respondents, as relator claims, became liable to account to him for their expenditures and for their contract earnings at contract rates. There are other categories, outside of any damage from the alleged breach by abandonment, as, for

instance, reimbursement for the use of small tools and payment for plant and materials. For these things and others relator asks credit. The word is his own. Indeed the petition summarizes the claim by stating a debit and credit account. In short, we agree with the court below that the case was referable.

The order should be affirmed, with ten dollars costs and disbursements.

HUBBS, P. J., DAVIS and TAYLOR, JJ., concur; CLARK, J., dissents.

Order affirmed, with ten dollars costs and disbursements.