In the Matter of the Application of NICOLA DESIDERIO and TRADERS NATIONAL BANK, Petitioners, for an Order of Mandamus against HENRY CONNOLLY and Others, Respondents.

Supreme Court, Monroe County, December 31, 1928.

*Walter A. Swan*, for sewer commissioner; *Edwin C. Smith*, for town board of Brighton [*Percival D. Oviatt* of counsel], for the motion.

*Lewis, McKay, Bown & Johnson*, opposed.

RODENBECK, J. On a former hearing in this matter, wherein it was contended that the learned referee had adopted an erroneous rule of damages, this court held that, whether the theory of the relator, or that of the defendants, was accepted, the findings of the learned referee showed that there was nothing coming to the relator under the contract, and that he was not entitled to relief. This conclusion is confirmed by a further examination of the proceedings upon this motion, for, whether the date of the suspension of the work, November 20, 1920, or the date of the completion of the work, is accepted as the basis of calculation, there was an excess of cost over the contract price. The learned referee

found that if November 20, 1920, was taken as the date for determining the rights of the petitioner, there was an excess cost of $9,930.28, and if the date of completion was taken as the basis for calculation, there was an excess cost of $12,298.41. The difference, which is $2,368.13, represents the excess cost under the Petrossi contract, under which the work was finally completed. The calculation of this loss is disputed by the petitioner on the ground that there was an unreasonable delay in the completion of the work after its suspension November 20, 1920. This the learned referee found, but, even if this amount be eliminated, there is still an excess of cost, under the findings of the learned referee, as of November 20, 1920.

Upon this motion it is claimed that errors were made by the learned referee in calculating the cost of the work up to November 20, 1920, and the only question here is whether or not there is any basis for this claim. The learned referee has considered the matter with great patience and sound judgment, making every reasonable allowance and deduction. In examining the question of the alleged errors it must be borne in mind that the petitioner has the burden of proof, and that, if he has not sustained this burden, he has failed to make out a basis for any allowance.

An error is claimed with respect to open trench construction, but this excavation was part of the contract and there is no valid basis for rejecting the cost of the excavation. It is not extra work, and is a part of the cost of completion, even though no pipes had been laid on November 20, 1920. The item for lowering sewers was work done by the petitioner before the work was suspended, and, in the absence of proof to the contrary, the learned referee had the right to assume that this work had been paid for. The petitioner failed to prove this claim. The sewer commissioners, under the contract, had the right to suspend the work for lack of funds, and to relet any part of the work, and thus were authorized to relet the completion of the work to Petrossi, and charge the petitioner with the excess cost. The questioned outstanding bills for work and materials were all incurred prior to November 20, 1920, and embrace items involved in the cost of completion, and, as such, should be properly charged, as found, against the contract. The learned referee found against the petitioner on the item relating to the cost of the pump station, and has carefully analyzed this item and made such an allowance as seems proper. The findings of the referee are not advisory, merely, if this application is to be treated the same as if the proceedings came before the Special Term after a verdict by a jury. (Civ. Prac. Act, § 1333.) It cannot be said that the findings are against the weight of the evidence.

The report of the learned referee, therefore, should be confirmed under section 1334 of the Civil Practice Act, since it appears that, accepting the date of the suspension of the work, November 20, 1920, as the basis for calculations, there is nothing coming to the relator. The findings of the referee, with reference to the excess cost under the Petrossi contract, may be treated as surplusage, if it is conceded that there was unreasonable delay. Under all the evidence and the findings, the petitioner is not entitled to relief, whether the date of suspension or the date of completion is taken as the basis of calculations. The alternative order of mandamus is dismissed, and the peremptory order is denied.

So ordered.