In the Matter of the Application of ETHEL HOWARD HOLM, Petitioner, for a Peremptory Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF ROCHESTER, Respondent.

Supreme Court, Monroe County, August 24, 1931.

*Dutcher Brothers* [*Henry R. Dutcher* of counsel], for the petitioner.

*Clarence M. Platt, Corporation Counsel* [*Charles B. Forsyth* of counsel], for the respondent.

STEPHENS, Official Referee. Upon the application of the petitioner at Special Term for a peremptory order of mandamus

or for an alternative one if the former should be denied, the respondent having submitted an affidavit to the court that raised a material issue of fact, an order was granted directing the respondent to reinstate the petitioner as a teacher in the public schools of the city of Rochester forthwith or to show cause before me, an official referee, at a time designated in said order, why the peremptory mandate should not be obeyed, and to make return to the petition and order; the issues of law and of fact, if any, were therein referred to me to hear and determine.

At the appointed time, counsel for the respective parties appeared; later, a return was made on behalf of the respondent to which objections were made, in writing, by counsel for the petitioner.

The petitioner predicates her right to continue as a teacher in the public schools upon the facts alleged in her petition substantially to the effect that she has taught three successive school years, 1928–1929, 1929–1930, and 1930–1931, as a regular supply teacher in the public schools of the said city, and that having taught for the full probationary term of three years, she has become vested with the right to permanent tenure and to an assignment to a position as teacher, without the necessity of a permanent appointment by affirmative action of the board of education, pursuant to the provision of section 872 of the Education Law (as added by Laws of 1917, chap. 786) as it is interpreted by her.

The respondent, in its return, admits or rather alleges that the petitioner has taught for the full probationary term of three years; that she failed to qualify for a permanent appointment under the rules of the board of education in respect to normal school training or its equivalent, and that, before the expiration of the probationary term, the petitioner was notified that she could not be retained because of her failure so to qualify.

The return also contains two separate defenses which should first be noticed; (1) that the questions of fact " must be referred to the Commissioner of Education and the State Department of Education for a review and a decision herein and upon information and belief under the facts herein, such reference to the Commissioner of Education is exclusive "; and (2) that the reference of the matter to a referee to hear and determine is contrary to law in that such powers cannot be delegated but are confined to the Special Term of the Supreme Court or the Appellate Division.

These defenses will be considered in an inverse order.

Section 1332 of the Civil Practice Act, relating to mandamus proceedings, provides " Except as otherwise expressly prescribed by statute, the proceedings after issue is joined, upon the facts or upon the law, are the same, in all respects, as in an action; * * * the

petition for the order and the return are deemed to be pleadings in an action; " section 1333 provides that an issue of fact must be tried by a jury unless a jury trial is waived " or a reference is directed by consent of parties; " the reference of the issues here are directed " by consent of the attorneys hereto; " it follows it was not improvidently directed; a reference has been approved even when ordered over the objection of the petitioner. (*People ex rel. Desiderio* v. *Connolly*, 212 App. Div. 102; S. C., 134 Misc. 306.)

Strictly speaking, there were no issues of fact at the time the order of reference was granted, for such issues arise upon the filing of a return; an issue could reasonably have been anticipated, however, from the affidavit submitted on behalf of the respondent, in opposition to the motion for a peremptory order of mandamus, which was sufficient to defeat the motion for such an order, with the result that an alternative one was granted in its stead.

By consenting to the reference before issue joined, and by later making a return by which the issues were joined, the respondent cannot now be heard to object to any departure from the usual procedural methods.

The other defense, that petitioner's exclusive remedy was an appeal to the Commissioner of Education, gives greater pause; no cases have been cited by counsel to support his position; the petitioner's counsel relies upon *Matter of O'Connor* v. *Emerson* (196 App. Div. 807; affd., without opinion, 232 N. Y. 561) and *Matter of Levitch* v. *Board of Education* (216 App. Div. 391; revd., 243 N. Y. 373). In the first mentioned case the petitioner had taken no appeal to the Commissioner of Education. Justice DAVIS, writing for the Appellate Division, said: " But where the right of a party depends upon the interpretation of a statute * * * the courts will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided; " in the *Levitch* case, an appeal to the Commissioner had resulted adversely to the petitioner; the Appellate Division held the Commissioner's decision was not conclusive; the Court of Appeals, while assuming without deciding that the teacher had been unlawfully removed from her position, held that the Commissioner had jurisdiction although the construction or application of a statute was involved, and that his decision was final and not subject to review by the courts, further saying: " What her rights would have been if she had not appealed * * * we do not determine."

For reasons that will later appear, it is not necessary to make a critical survey of the authorities in which the jurisdiction of the courts, and that of the Commissioner of Education, have been discussed.

The major question here, turns upon the interpretation of section 872 of the Education Law; if the petitioner's interpretation is not the right one, her application for reinstatement must fail; if it be right, the effect of her failure to qualify by meeting the cultural requirements for eligibility to permanent appointment, would need to be considered.

The above mentioned section 872, in subdivision 1, provides that teachers shall be appointed upon recommendation of the superintendent of schools, for a probationary period of not less than one year and not to exceed three years; such period to be fixed by the Board of Education in its discretion. Subdivision 3 provides that " At the expiration of the probationary term of a person appointed for such term, the superintendent of schools * * * shall make a written report to the board of education recommending for permanent appointment those persons who have been found competent, efficient and satisfactory; " then follows the provision upon which the petitioner founds her claim, in these words: " Such persons and all others employed in the teaching, * * * of the schools of a city, who have served the full probationary period, or have rendered satisfactorily an equivalent period of service prior to the time this act goes into effect shall hold their respective positions during good behavior and efficient and competent service, and shall not be removable except for cause after a hearing by the affirmative vote of a majority of the board."

The petitioner finds in this last above paragraph, a description of three classes of persons employed, or to be employed as teachers: (1) " such persons," that is, those who shall receive a permanent appointment under the above stated provision of the statute, (2) " all others employed * * * who have served the full probationary period," and (3) " or have rendered satisfactorily an equivalent period of service prior to the time this act goes into effect;" she places herself in the second classification, as one who has " served the full probationary period."

I do not concur in this analysis of the statute; it is to be construed, in my confident opinion, to apply to two classes of persons only: (1) Those who shall receive a permanent appointment after the statute went into effect, and (2) all others employed who have served the full probationary period or have rendered satisfactorily an equivalent period of service prior to the time the statute went into effect.

The statute became effective June 8, 1917, and its clearly transparent purpose was to protect teachers and others engaged in educational activities who were then in the service, and had been, for the probationary term that might thereafter be fixed by a board

of education, or had rendered an equivalent period of service, and to provide that they and those who should serve the probationary period and receive an appointment by the board, upon the recommendation of the superintendent after said date, should be irremovable from their positions without a hearing.

The precise difference between the two interpretations is that the former limits the application of the phrase "prior to the time this act goes into effect," to those who "have rendered satisfactorily an equivalent period of service," while the latter extends the qualification of the said quoted phrase to "all others employed * * * who have served the full probationary period."

Both the purpose of the statute and its grammatical structure render the interpretation that I have placed upon it, imperative; further discussion cannot clarify the subject and would only serve, it seems to me, to stress the obvious.

Having reached the conclusion that the petitioner does not have a clear right to an assignment to her former position, or a kindred one, and that the respondent acted in compliance with the law, it is immaterial so far as the immediate purpose is concerned, whether her sole resort was to the Commissioner of Education; assuming that there was the equal access to the courts, the application must fail on the merits.

"The general rule is that mandamus will not lie to review the determination of public boards or officers in matters involving the exercise of discretion or judgment, if they have proceeded within their jurisdiction." (*People ex rel. Peixotto* v. *Board of Education*, 212 N. Y. 463.)

"The writ [mandamus] issues to compel the performance of official duty clearly imposed by law, where there is no other adequate specific remedy. The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of reasonable doubt or controversy." (*Matter of Burr* v. *Voorhis*, 229 N. Y. 382.)

It is argued that the statutory provision "the service of a person * * * may be discontinued at any time during the probationary period" indicates that, if it be not discontinued, permanent tenure automatically results; such a construction of the quoted phrase gives to non-action on the part of the board of education, the same effect as positive action in making a permanent appointment; it was not so intended but authorized the said board to discontinue the service of a probationer, if found to be unsatisfactory, before the expiration of the time for which the appointment was made.

The failure of the petitioner to qualify for permanent appoint-

ment under the rules duly adopted by the board of education, supplies an additional reason for the decision I have reached; those rules were enacted before 1927; the petitioner entered thereafter into the service as teacher, and the qualifications prescribed were a necessary condition of her continuance in the service.

The alternative order should be dismissed and the motion for a peremptory one be denied.

Appropriate findings have been signed in accordance herewith.