In the Matter of CHARLES J. MONAN, Appellant, against BOARD OF EDUCATION OF THE CITY OF BUFFALO et al., Respondents.

Fourth Department, March 12, 1952.

*Charles J. McDonough* for appellant.

*Fred C. Maloney, Corporation Counsel of the City of Buffalo,* and *Gerald J. Shields* of counsel, for respondents.

PIPER, J. The petitioner was appointed a high school classroom teacher on March 30, 1931, and served in that position until June 30, 1937. On October 5, 1937, he was assigned as teacher in charge of South Park High School Annex, effective September 20, 1937, and continued in that assignment until by action of the board of education on August 28, 1945, he was reclassified as temporary assistant principal at the same school. In 1946 he passed a competitive promotional examination for the position of assistant high school principal and on August 27, 1946, he received a probationary appointment to that position at the same school. He continued in that position for the school year and on August 27, 1947, was appointed to the position of principal of Kensington High School.

It appears that the position of high school principal is not in the competitive class and that in all positions in the educational department of the city of Buffalo, a probationary period of three years is required before the appointee is entitled to tenure.

Petitioner served three years as principal of Kensington High School. On January 15, 1948, May 15, 1948, January 15, 1949, and May 15, 1949, his work in that position was approved by the superintendent. Under date of June 28, 1950, petitioner was advised in writing that the board of education " has dis-

continued your service as Principal of Kensington High School, effective June 30, 1950, pursuant to the provisions of Section 2523 of the Education Law of the State of New York." He was not returned to the position of assistant high school principal but was demoted to the position of "Teacher of Academic Subjects" and assigned to South Park High School, effective with opening of the 1950–1951 school year.

The question to be solved involves the construction of section 2523 (renumbered § 2573 by L. 1950, ch. 762, eff. July 1, 1951) of the Education Law. In subdivision 1, it is provided that teachers and members of the supervising staff "shall be appointed by the board of education, upon the recommendation of the superintendent of schools, for a probationary period of not less than one year and not to exceed three years". It further provides: "The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education."

Subdivision 6 of the section is applicable to the city of Buffalo and provides: "at the expiration of the probationary term * * * the superintendent of schools shall make a written report to the board of education recommending for permanent appointment those persons who have been found satisfactory and such board * * * shall immediately thereafter issue to such persons permanent certificates of appointment. Such persons and all others employed in the teaching, examining or supervising service of the schools of such city, who have served the full probationary period, * * * shall receive permanent certificates to teach, to examine, or to supervise, issued to them by the certificating authority and shall hold their respective positions during good behavior and satisfactory teaching, examining, or supervising service, and shall not be removable except for cause after a hearing by the affirmative vote of a majority of the board of education." It is further provided that an aggrieved person may review the action of the board by appeal to the commissioner or under article 78 of the Civil Practice Act.

The petitioner instituted the article 78 proceeding to compel respondents to appoint him, not to the position of "High School Principal", but to the position of "Assistant High School Principal" on the ground that he satisfactorily "served the full probationary period" for the position as follows: one year as such assistant principal and two years as principal and

that he was recommended at the close of each of those three years, and that it was not until the end of his three years' service as principal, which was his fourth year in a supervising position, that he was not recommended for permanent appointment.

Respondents contend that as petitioner served but one year as assistant principal his service in the higher position of principal does not count in the probationary term of three years which he was required to serve before he became entitled to tenure in the position of assistant principal. They say that when he was appointed to the position of principal he commenced a new probationary term in that position, and lost all rights he had acquired to the position of assistant principal by reason of having passed the examination and receiving the appointment.

The Special Term has found that the respondents' interpretation of the statute is the correct one and that petitioner has no status in his claim for permanent appointment, as he failed to serve the full probationary term as assistant principal, and that his two years' satisfactory service as principal avails him nothing. The court found no decision of the appellate courts nor of the Commissioner of Education directly in point and was compelled to arrive at his decision as a first impression on the question here presented.

Although counsel for the respective parties have, we take it, made an exhaustive search for authorities to support their claims, we find nothing in the briefs, nor has our independent research revealed any precedent which we can point to as determinative of the issue. If petitioner may include his one-year service as assistant high school principal and his first two years' service as high school principal, (all of which was concededly satisfactory), in his probationary term, he is entitled to tenure under the statute. In support of this contention counsel for petitioner urges that the position of principal " includes and comprehends in an even higher degree all the duties performed by an Assistant High School Principal ". As opposed to this respondents urge that the language of the statute requires the probationary service of three years must be in one named position.

We do not agree that the statute requires such a narrow construction. As used in our educational system a principal is the chief executive officer of a school, and an assistant principal is one who assists the principal in carrying out the execu-

tive duties under his direction. Undoubtedly the position of principal of a high school requires a higher degree of executive ability than is required of the position of assistant principal. We think the language of the statute will not be distorted by a holding that satisfactory service by an appointee as assistant principal for one year and as principal for two years is equivalent to satisfactory service as assistant principal for three years.

The tenure statutes were enacted by the Legislature to give security to competent members of the educational system in the positions to which they had been appointed. The framers of the section under consideration have decreed that the superintendent and the board of education may not withhold permanent appointment beyond a three-year probationary period if the person performing the duties of the position has given satisfactory service as concededly is the case with this petitioner. We think that upon his receiving the recommendation for appointment at the end of his second year of service as principal, having previously performed one year of satisfactory work as assistant, the statute required the board to give him tenure as assistant principal.

As petitioner's counsel has pointed out, a contrary construction of the statute would permit the school authorities, by successive promotions of two years each, to entirely defeat the purpose of the statute. A person having passed the required examination for elementary school teacher and receiving an appointment might serve for two years in that position, and having qualified by passing successive tests, receive successive appointments of two years each as assistant principal and principal in the elementary schools, high school teacher, assistant high school principal and high school principal, and after twelve years of satisfactory service, be discharged without any rights of tenure in any position, if the respondents' contention is upheld. We cannot agree that the purpose of the statute can be so distorted.

The decision in *Matter of O'Connor* v. *Emerson* (196 App. Div. 807, affd. 232 N. Y. 561) is not to the contrary. There the question was "whether or not there is a distinction between the office of teacher and principal" (p. 811) but appellant had served her probationary term as teacher only. The court said: " It is common knowledge that a teacher and a principal perform entirely different duties. The principal often does not teach at all, but supervises the work of the teachers, acts as an executive, and has charge over the management and discipline of the

school.'' (P. 812.)   Nor do we view the decision in *Matter of Holm* v. *Board of Educ.* (141 Misc. 194, affd. 234 App. Div. 816) to require us to accept the construction of the respondents here, as the facts are entirely different from the facts in the instant case.

We hold that the petitioner, having successfully passed the examination, having been appointed to the position of assistant high school principal, and having served in that position for one year, his work having been approved by the superintendent, he then having been appointed to the position of high school principal, serving in that position for two years, at which time his work having again been approved by the superintendent with a recommendation for permanent appointment, and his services having been continued for another school year, is entitled to tenure as assistant high school principal, even though at the close of his third year as principal, he failed to receive a recommendation for permanent appointment to the position of high school principal.

As the record does not disclose whether or not there was a vacancy in the position of assistant high school principal at the time this proceeding was instituted, or whether or not such a vacancy now exists, we should remit the proceeding to Special Term to have those facts determined.  If such a vacancy existed at the time the proceeding was commenced, or if such vacancy now exists, petitioner is entitled to immediate appointment.  If there was, and is now, no such vacancy, petitioner is entitled to be appointed to the first vacant position of assistant high school principal in the school department of the City of Buffalo.

The order, therefore, should be reversed and the proceeding remitted to Erie Special Term for further proceedings in accordance with this opinion.

All concur, except TAYLOR, P. J., who dissents and votes for affirmance. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER, and WHEELER, JJ.

Order reversed on the law, with $50 costs and disbursements, and proceeding remitted to Erie Special Term for further proceedings in accordance with the opinion.