■ In the Matter of MAMDOH S. YAAKOB, Respondent, v ARNOLD AND MARIE SCHWARTZ COLLEGE OF PHARMACY AND HEALTH SCIENCES OF LONG ISLAND UNIVERSITY, Appellant.—In a proceeding pursuant to CPLR article 78 to compel petitioner's reinstatement as a tenured faculty member, the appeal is from an order of the Supreme Court, Kings County, dated December 7, 1979, which, *inter alia,* denied appellant's motion to dismiss the petition for failure to state a cause of action. Permission for the taking of this appeal is granted by Mr. Justice Lazer. Order reversed, on the law, with $50 costs and disbursements, motion granted and proceeding dismissed. Petitioner's claim is predicated on the theory of tenure by estoppel or acquiescence on the following facts: He was appointed an assistant professor of pharmacy by appellant in the fall of 1964. In the spring of 1977 he was informed that he was to be reassigned to duties requiring a period of retraining and a longer academic year; petitioner refused this arrangement absent an increase in salary. Appellant finally told petitioner that the 1977-1978 academic year would be his last. Having allegedly fulfilled the requirements for tenure eligibility and served beyond any maximum probationary term, petitioner analogizes his position to that of a teacher protected under tenure statutes. The analogy is not sound, however. Tenure statutes were enacted to provide security to competent faculty in public institutions and decree that permanent appointments cannot be withheld beyond a probationary period if the teacher served satisfactorily within that time (see *Matter of Monan v Board of Educ.,* 280 App Div 14, 18). Petitioner's rights arise solely from his contract with a private party, and among the contractual provisions in the 1965 Handbook for the Faculties of Long Island University dealing with tenure (art 5) is the following statement: "Tenure status shall be tendered only on the approval of the Board of Trustees and in writing, in a letter from the Chancellor to the faculty member." There is nothing in any of the provisions in the handbook or the later 1973-1974 faculty regulations cited by petitioner that restricts the board from withholding tenure status despite eligibility based on express or implied recommendations to the board by the institution's officers. Thus, unlike the statutory tenure system in which a teacher's appointment becomes permanent upon the expiration of a probationary period absent affirmative official action to *dismiss* the teacher prior to such date, petitioner's contractual relationship with appellant made *affirmative* action by the board of trustees a *condition precedent* to tenure. Accordingly, the petition fails to state a cause of action and must be dismissed. Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Dutchess County, imposed July 8, 1975, upon his conviction of attempted robbery in the second degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment with a maximum of four years. Appeal dismissed. The maximum term of defendant's sentence has expired. We note, however, that we have examined the record and were we not dismissing the appeal, we would have affirmed the sentence. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.