in the assets of the Casualty Company of America, on a claim which is contingent at the date of the entry of the order of liquidation but which accrues prior to the distribution of the assets on an instrument given by the Casualty Company of America for the appearance in a criminal case? 6. Does the rule laid down in this case by Special Term, Part I, of the Supreme Court, New York county, classifying the claim of the United States of America as contingent, conflict with section 3466 of Federal Statutes, Annotated, 216? 7. If the Casualty Company of America was indebted to the United States of America on the instrument at the date of liquidation and the claim is a valid one, should it be first satisfied in full from the securities deposited by the Casualty Company of America with the Superintendent of Insurance under section 71 of the Insurance Law of the state of New York? 8. Do the facts proved by the United States of America establish a valid claim against the assets of the Casualty Company of America? "

*Fred A. Robbins* and *Clarence C. Fowler* for appellant.

*John Holley Clark, Jr., John M. Ryan* and *William Hayward* for respondent.

Order affirmed, with costs; fifth and eighth questions certified answered in the affirmative, other questions certified not answered; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MC-LAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.

---

In the Matter of the Application of MARY A. O'CONNOR, Appellant, *v.* EDWARDS D. EMERSON et al., Constituting the BOARD OF EDUCATION OF THE CITY OF BUFFALO, Respondents.

*Schools — mandamus — when mandamus to compel reinstatement to position of principal of school properly denied.*

*Matter of O'Connor* v. *Emerson,* 196 App. Div. 807, affirmed.

(Argued November 28, 1921; decided December 13, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial

36

department, entered May 10, 1921, which affirmed an order of Special Term denying a motion for a writ of mandamus to compel the board of education of the city of Buffalo to reinstate the petitioner in the position of principal of a public school in that city. On October 29, 1918, she had been appointed principal by the said board of education. On October 11, 1920, she was summarily dismissed from said position without complaint, charges or hearing. It was held that petitioner's appointment as principal was for a probationary period of two years and that her removal from the position during the continuance of said probationary period was not unlawful.

*George H. Kennedy* for appellant.

*William S. Rann,* Corporation Counsel (*John E. Livermore* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HOGAN, J. Absent: POUND, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY GIVNER, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued November 28, 1921; decided December 13, 1921.)

APPEAL from a judgment of the Supreme Court, rendered March 8, 1921, at a Trial Term for the county of Westchester, upon a verdict convicting the defendant of the crime of murder in the first degree,

*Frederick E. Weeks* for appellant.

*Lee Parsons Davis* for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MC-LAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.