In the Matter of the Application of SAMUEL A. COX and Others, Petitioners, for an Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.*

Supreme Court, Kings County, April 7, 1941.

*A. Mark Levien*, for the petitioners.

*William C. Chanler, Corporation Counsel*, for the respondent.

STEINBRINK, J. This is an application, pursuant to article 78 of the Civil Practice Act, for an order annulling a certain resolution adopted by the respondent affecting salary schedules for first assistants in day high schools. The petitioners, nineteen in number, were appointed first assistants in day high schools on June 26, 1940, effective September 4, 1940.

The facts herein are as follows: Section 882 of the Education Law requires the board of education of each city to adopt by-laws fixing the salaries and establishing uniform schedules of salaries of all members of the supervising and teaching staff. The salaries and

---

* Affd., 263 App. Div. 740.

increments for principals and teachers so fixed, on and after January 1, 1920, were not to be less than those prescribed in section 883, which sets forth schedules of salaries for members of the teaching staff in cities of the first class having a population of more than a million (New York city). Section 889 provided that a copy of the schedules and schedule conditions approved by the board of education of each city shall be filed in the office of the State Commissioner of Education. The section was amended (Laws of 1931, chap. 540, in effect April 21, 1931) to provide that in all cities of the first class having a population of more than a million (New York city) the salaries of the members of the teaching staff shall be not less than that set forth in the schedules and schedule conditions on file in the office of the State Commissioner of Education on March 5, 1931. Pursuant to this section as it stood before this 1931 amendment, the respondent on December 29, 1927, adopted a resolution which contained the following: "Schedule IIB (see Note a). First assistants in day high schools: Year of service as such, rates — 1, $4,308; 2, $4,584; 3, $4,860; 4, $5,136; 5, $5,412; 6, $5,688. Note a: In this schedule credited gross teaching service in high schools over and above five years shall be counted."

The aforesaid schedule and schedule conditions were on file in the office of the State Commissioner of Education in the same form on March 5, 1931. Under section 889, as amended in 1931, the minimum salaries of first assistants in day high schools became fixed.

On May 29, 1940, the respondent adopted a resolution deleting "Note a" from the said Schedule IIB. This had the effect of reducing the salaries of petitioners upon their appointments below what they would have been had "Note a" not been deleted. It is the contention of petitioners that the resolution deleting "Note a" was adopted in violation of section 889, as amended in 1931. The respondent takes the position that "Note a" was no part of the schedule required to be filed under the section, but was simply an expression of policy adopted by a previous board which was subject to change by subsequent boards.

By the schedule and schedule conditions adopted on December 29, 1927, and which were on file in the office of the State Commissioner of Education on March 5, 1931, the respondent fixed the salary and salary increments of first assistants in day high schools. No useful purpose is served by characterizing "Note a" as merely an expression of policy, for regardless of its characterization it had the effect of fixing the salary and salary increments. By the 1931 amendment of section 889, the schedule and schedule conditions, so adopted and filed, established the minimum salary and salary increments for those within the classification. "Note a" was a

vital part of the schedule, and it would involve a distortion of the plain meaning of the schedule and schedule conditions to hold otherwise. It follows that a deletion of " Note a " would have the effect of reducing the salary and salary increments of the petitioning first assistants below the statutory minimum, a result which the respondent had no power to accomplish.

The application is accordingly granted. Submit order.