In the Matter of the Application of LUCILLE S. SOKOLOVE and Others, Petitioners, against the BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Kings County, August 13, 1941.

*Max H. Frankle,* for the petitioners.

*William C. Chanler, Corporation Counsel* [*Nicholas Bucci* of counsel], for the respondents.

KLEINFELD, J. This is an application pursuant to article 78 of the Civil Practice Act to compel the board of superintendents to recommend the petitioners for appointment as teachers of home economics (clothing and household fabrics) in the high schools maintained by the board of education, and to compel the board of education to appoint the petitioners to alleged existing vacancies. Upon the instant motion petitioners also challenge the sufficiency of the three affirmative defenses interposed herein.

Petitioners are at the present time on the existing eligible list for teachers of home economics. They allege that when the list was promulgated on August 29, 1940, there were and had been for several years more vacancies than the total number of eligibles available for appointment; that on or about January 5, 1941, the board of education caused an announcement to be published which disclosed that there were nineteen such vacant teaching positions, and again in June, 1941, another announcement that there would be sixteen vacancies in existence for the coming fall term. Petitioners assert that these vacancies have been consistently filled by persons on the existing eligible list who are designated as substitute teachers and who are paid on a per diem basis without any tenure or pension rights. Petitioners predicate their right to appointment upon the provisions of subdivision 1-a of section 872 of the Education Law of the State of New York, which reads: " Appointments shall be made from appropriate eligible lists to fill all existing vacancies not later than six months from the date of the existence of such vacancy."

In opposition to the relief thus sought, the respondents deny there are any such vacancies. Specifically, they allege that there are no regular classes in home economics in the vocational high schools; that there is a sufficient number of home economics teachers in the academic high schools, and, further, that any previously existing vacancies have been abolished. They also allege that, under the by-laws and regulations of the board, teachers holding other licenses who are competent to teach home economics may also be assigned to teach that subject up to fifty per cent of their time. Respondents state that student registration in the high schools is decreasing materially, resulting in a decrease of the allotment of State funds, and that this, together with the decrease in the budget, makes it impossible for the board to employ any more teachers than it now has. They urge further that petitioners have mistaken their remedy and that their complaint

should have been made to the State Commissioner of Education pursuant to section 890 of the Education Law.

Stripped of immaterial allegations, the first separate affirmative defense is based on the resolutions adopted by the board of education which authorized the respondents to assign " qualified " persons not licensed in a particular subject to teach that subject to the extent of forty-nine per cent of their teaching assignments. The resolution, in effect, permits such persons to " qualify " to teach a particular subject not only regardless of subdivision 5 of section 872 of the Education Law, which specifies that appointment of eligibles to vacancies shall be made only from among persons holding licenses in the position to be filled, but also regardless of their " merit and fitness " as determined by a " competitive " civil service examination in pursuance to section 6 of article 5 of the Constitution of the State of New York. That provision of the Constitution provides in part: " Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to *merit and fitness* to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive."

While respondents urge that the best interests of the school system will be served by the assignment of home economics teachers in accordance with the resolution as adopted, I am of the opinion that notwithstanding these alleged beneficient purposes the resolution clearly effectuates a circumvention of the foregoing constitutional mandate. That such an evasion will not be countenanced by law is aptly stated by the Court of Appeals in *Matter of Sloat* v. *Board of Examiners* (274 N. Y. 367, 370): " *Statutes and administrative orders, alike, must conform to the mandate of the Constitution. They cannot authorize a procedure which would disregard or nullify that mandate.* A person aggrieved by an order or determination of an administrative board or officer which has such result may, in proper case, appeal for redress to the courts (*Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435). Upon such appeal the courts are not to be satisfied by lip-service. Disobedience or evasion of a constitutional mandate may not be tolerated even though such disobedience might, perhaps, at least temporarily, promote in some respects the best interests of the public. Arbitrary decision that in a given case it is not practicable to ascertain merit and fitness by competitive examination may be challenged and is subject to review by the courts (*Matter of Keymer,* 148 N. Y. 219; *Matter of Scahill* v. *Drzewucki,* 269 id. 343). An examination is not competitive merely because it is so denominated. The substance, not merely the form, of a competitive examination is required."

Moreover, I think it is obvious that the authority sought to be conferred upon the superintendent of schools by the resolution in question may very well at a later date lead to discriminations in the selection of appointees from the various lists of eligibles. It was to obviate the possibility of any such evils that the various statutory safeguards were enacted to protect the rights of civil service employees of the State. It follows that the first defense is insufficient as a matter of law.

The case of *Matter of Frankle* v. *Board of Education* (285 N. Y. 541) very closely approximates the one at bar, except that the first affirmative defense here was not interposed there. In that case a similar motion was made to strike out the defense as to the inadequacy of the budget and the present inability of the board of education to determine how much money would be available for the years 1940 and 1941; also a defense of the adequacy of remedy upon an appeal to the State Commissioner of Education. The Special Term (173 Misc. 1050) held these defenses insufficient in law. They were substantially the same as the second and third defenses interposed herein. Upon appeal, the decision of the Special Term was affirmed but the Appellate Division modified the order by eliminating the direction to appoint " all " eligibles " forthwith " and instead directed the board of education " to appoint the required number of eligibles, as regular teachers to fill said vacant teaching positions." (259 App. Div. 1006.) The modification of the language of the order was affirmed by the Court of Appeals (285 N. Y. 541).

The second and third affirmative defenses should accordingly be stricken out.

After eliminating the affirmative defenses, the only issues remaining are those raised by the denials of the existence of any vacancies in the teaching positions of home economics. If there have been any such vacancies existing for more than six months, the petitioners would be entitled to an order similar in form to the one entered in *Matter of Frankle* (*supra*). The respondents' denial of the alleged existing vacancies raises a triable issue which requires the issuance of an alternative order. Proceed accordingly on notice.