In the Matter of the Application of SAMUEL A. COX and Others, Respondents, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act.— Order annulling and setting aside a resolution of the board of education of the city of New York purporting to delete " Note a " from " Schedule IIb," the salary schedule for first assistants in day high schools, and directing that the petitioners be paid their salaries in accordance with " Schedule IIb " and " Note a," unanimously affirmed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ. [178 Misc. 95.]

In the Matter of Acquiring Title to Cross Island Parkway from Cross Island Boulevard at 155th St. to Laurelton Parkway at 120th Ave., Excepting Therefrom the Lands Owned by The City of New York or the State of New York and Acquired for Any Purpose Whatsoever, and Lands Owned by the Long Island Railroad Company in Use as a Normal Right-of-Way, and Lands of the Belmont Park Branch Operated by the Long Island Railroad Company and Lands Owned by the New York and Queens Gas and Electric Company (Consolidated Edison Co.) in the 3rd and 4th Wards, Borough of Queens, City of New York. JOHN GOLDEN, Appellant; THE CITY OF NEW YORK, Respondent.— In a condemnation proceeding, the appeal is by a claimant from so much of the final decree which awards $22,000 for the taking of eight damage parcels. Decree, in so far as appealed from, unanimously affirmed, with costs. On this record it may not be said that the court at Special Term made the awards under the so-called " Fourth Avenue rule," which is not applicable. It should also be noted that the awards for the parts taken are in excess of the value fixed by the owner in the several tax certiorari proceedings. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of the Application of FRANK HART GIBSON and Others to Open, Vacate and Set Aside the Decree of This Court Dated the 17th Day of July, 1933, Settling the Account of HENRY P. GRIFFIN and JOHN HOAG, JR., as Executors, and Directing the Distribution of the Assets and the Setting up of Trusts in the Estate of MARY ANN GIBSON, Deceased. FRANK HART GIBSON and Others, Appellants; HENRY P. GRIFFIN and JOHN HOAG, JR., Executors, etc., of MARY ANN GIBSON, Deceased, and Others, Respondents.— Order of the Surrogate's Court of Westchester County denying the petitioners' application to vacate decree dated July 17, 1933, settling the account of the executors, and for other relief, affirmed, with ten dollars costs and disbursements to the executors-respondents, payable by appellants. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.