GEORGE E. NELSON, Respondent, Appellant, *v.* THE BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant, Respondent.

First Department, December 19, 1941.

*Osmond K. Fraenkel*, for the respondent, appellant.

*Nicholas Bucci* of counsel [*Paxton Blair* and *Arthur H. Kahn* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the appellant, respondent.

*A. Mark Levien, amicus curiæ* on behalf of City College Instructors.

COHN, J. The action is for a declaratory judgment. The facts are not in dispute. Plaintiff is an associate librarian at the College of the City of New York. He asserts that he is entitled to receive a salary in accordance with the schedule of salaries adopted by the board of trustees of the College of the City of New York on December 15, 1927, and filed with the State Commissioner of Education on March 5, 1931. Section 889 of the Education Law, as amended by chapter 540 of the Laws of 1931, provides that the salaries of all officers of administration and instruction and all other employees of the public colleges, which includes the College of the City of New York, should thereafter be fixed at not less than the salaries set forth in schedules lawfully adopted and on file in the office of the State Commissioner of Education on March 5, 1931.

The schedule of salaries thus adopted and filed specified that the salary of associate librarians should be not less than $4,000 nor more than $5,592 and that the maximum was to be reached by fixed annual increments. Pursuant to this schedule plaintiff received a salary during the year 1939 of $4,780. On July 6, 1939, the board of higher education adopted a by-law to the effect that there shall be no fixed increments for associate librarians save in exceptional cases. Plaintiff's increments were thereupon denied him. The by-law, plaintiff contends, is void because it conflicts with the mandate of section 889 of the Education Law. He claims that he should have received a salary of $4,940 in 1940 and a salary

of $5,100 for the year 1941 instead of $4,780 which he actually received. Plaintiff also alleges that he is entitled to receive, as provided in the schedule, annual salary increments until the maximum salary of $5,592 is reached.

Defendant, on the other hand, maintains that it has the right to withhold the salary increases of plaintiff by reason of the by-law adopted in 1939 purporting to do away with increments for associate librarians.

In sustaining plaintiff's position, the Special Term decided that the 1931 amendment to the Education Law denied to the board of higher education the power to so vary the 1927 schedule. On this phase the court held insufficient the first defense which sets forth that it was within the power of defendant to adopt reasonable by-laws which provide that there shall be no fixed increment for librarians, save in exceptional cases. The second defense, which avers that plaintiff could not recover salaries for 1940 and 1941 because no budget appropriations had been made for the sums demanded, was also held to be insufficient. With respect to plaintiff's right to recover past increments the court accepted defendant's contention that there could be recovery only to the extent that plaintiff may have signed the payrolls under protest.

We think that defendant's 1939 by-law, which purports to eliminate the fixed increments for librarians provided for in the 1927 schedule, is invalid because it contravenes section 889 of the Education Law. The plain language of that statute commands that the salaries of all officers of administration and instruction of the college " shall be not less than the salaries and salary increments fixed by the schedules and schedule conditions " which were on file on March 5, 1931. The by-law relied on by defendant cannot deprive plaintiff of the increments to which he is entitled under the 1927 schedule. This court has so held in *Matter of Cross* v. *Board of Higher Education* (260 App. Div. 907), where this defendant attempted to impose conditions not authorized by statute in providing increments to assistant professors at the College of the City of New York. (See, also, *Matter of Adams* v. *Board of Higher Education*, N. Y. L. J. Aug. 27, 1941, p. 440; affd., 263 App. Div. 804.)

Defendant argues that certain provisions of section 23 of the salary schedules filed with the Commissioner of Education authorized the board of trustees of the college to modify the salary schedules and in any case to prescribe greater or less salary rates and that in grades where annual increments are specified the board reserved the right to assign fixed salaries to appointees in special cases when in its judgment the nature of their duties or the character of their

services renders such action just. The last sentence of section 889 reads: " This section shall not be construed so as to operate as a reduction of any salary." Accordingly, reduction of salaries or the withholding of increments, which, in effect, would operate as a reduction, violates this law. In the case of *Matter of Putnam* v. *Marshall* (286 N. Y. 485) the Court of Appeals left no room for doubt that the 1931 statute has withheld from the board of education the power to reduce a salary even though such a salary seemed excessive. In that case Chief Judge LEHMAN (at p. 490) said: " The provisions of section 889 are clear, unambiguous and mandatory. Little room, if any, is left for construction or for discretion in their application. The Legislature, which has conferred upon the Board of Education power to determine the salary and compensation of all employees, has placed a rigid restriction upon its exercise. The salaries of positions as fixed in 1931 may not be reduced. Under changed conditions the salary attached to a particular position in 1931 may seem excessive in 1941. The Legislature has power to reduce a salary which seems to it excessive. It has withheld such power from the Board of Education."

In our view the court correctly held that defendant's first defense was insufficient and that plaintiff was entitled to judgment on the pleadings declaring illegal and void the by-law of the board of education so far as it purports to deprive plaintiff of annual increments in accordance with schedules adopted on December 15, 1927.

The second defense contained in defendant's answer to the effect that plaintiff has mistaken his remedy to recover increments refused him and that he should have instituted a proceeding, presumably under article 78 of the Civil Practice Act, to compel the board of higher education to modify its budget so as to contain an appropriation for payment to plaintiff of these increments for the years 1940 and 1941, respectively, is also without merit. It is well settled that a public employee has the right to sue to recover a salary definitely fixed by statute. (*O'Connor* v. *City of New York*, 178 App. Div. 550, 557; affd., 224 N. Y. 644; *Moore* v. *Board of Education*, 121 App. Div. 862; affd., 195 N. Y. 614.)

We think, too, that plaintiff is entitled to recover back increments though he failed to sign under protest the payrolls of the board of higher education. Under the common law a public employee whose salary is fixed by law does not waive his claim to the full salary of his position by serving in the position and accepting a lesser salary. (*Quayle* v. *City of New York*, 278 N. Y. 19, 22; *People ex rel. Satterlee* v. *Board of Police*, 75 id. 38, 42.)

Section 93c–2.0 of the Administrative Code of the City of New York (formerly Greater N. Y. Charter, § 149) abrogates the common-law rule with respect to salary claims of persons whose salaries are payable by the city of New York. (*Quayle* v. *City of New York, supra.*) So far as pertinent, it provides as follows:

"§ 93c–2.0. Payment of salaries. * * * Every official, employee or person who shall sign the receipt upon such payroll as having received the amount therein mentioned in full payment for services rendered by him for the entire time specified in such payroll, shall be deemed to have made an accord and satisfaction of all claims *against the city* for wages or salary due to such person *from the city* for the period covered by such payroll, unless at the time of signing such payroll the person receiving such wages or salary shall write legibly thereon in connection with his receipt that the amount received is received under protest, and unless such protest is so written upon such payroll, no recovery shall be had *against the city* upon any further claim for wages or salaries for the period of time covered by such payroll." (Emphasis ours.)

Plaintiff urges, however, and we think correctly, that the quoted section of the Administrative Code does not apply to him because his salary as an employee of the board of higher education is payable by the board of higher education and not by the city of New York.

A statute like the one under consideration, which is in derogation of the common law, must be strictly construed. (*Jones* v. *City of Albany*, 151 N. Y. 223, 228; *Bertles* v. *Nunan*, 92 id. 152, 157; *Sprague* v. *City of Rochester*, 159 id. 20, 26; McKinney's Cons. Laws, Book 1, Statutes and Statutory Construction, § 142, pp. 211, 212.) In the *Sprague* case (*supra*) the court (at p. 26) said: "A statute which creates a new rule, unknown to the common law, for the protection of a city against its own citizens, should be construed strictly against the city and liberally in favor of the citizen."

Applying this principle of construction to the quoted section, it can be interpreted to relate only to a person who would have a claim against the city for salary due from the city. Plaintiff's salary as an employee of the board of higher education is payable by defendant and not by the city of New York. His claim for back salary can only be made against defendant. He has no right to, nor does he here seek, a recovery from the city. Had plaintiff brought his action against the city it would have been dismissed. In each of the cases cited by defendant, plaintiff's salary was payable by the city of New York, the salary claim was made against the city and the suit was brought against the city or its fiscal authority, the board of estimate. (*Quayle* v. *City of New York*, 278 N. Y. 19, 24; *Matter of Shevlin* v. *LaGuardia*, 279

id. 649; *Finn* v. *City of New York*, 282 id. 153.) In the *Quayle* case the distinction is made clear by the court's statement at page 24: " The right of a public official to recover *from the city* the full salary attached to the office is made subject to the condition that a claim *against the city* for such salary must be asserted promptly in the manner provided by the Legislature." (Emphasis ours.)

That the board of higher education is an entity separate and distinct from the municipality and is a State agency for carrying out the education policy of the city is now well settled. (*Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *Lewis* v. *Bd. of Education of City of New York*, 258 id. 117; *Fidelity & Deposit Co.* v. *City of New York*, 108 App. Div. 263.) It, like the board of education, is an independent corporate body and may sue and be sued in its corporate name. (*Matter of Divisich* v. *Marshall*, 281 N. Y. 170; *Matter of Ragsdale* v. *Board of Education*, 282 id. 323; *Matter of Fuhrmann* v. *Graves*, 235 id. 77, 82.) In the *Ragsdale* case, where an employee of the board of education of the city of New York sought to take advantage of a provision of the Administrative Code which gave certain salary protection to persons " in the service of the city," the court held that he was not a person in the service of the city but that he was in the employ of the board of education.

Defendant argues with much force that a requirement that payrolls be signed under protest is of importance to the board of higher education because it supplies the authorities with prompt notice that a claim for increased salary is being made. An argument somewhat similar in character was rejected in the case of *People ex rel. Wells & Newton Co.* v. *Craig* (232 N. Y. 125). There relator had made a contract with the board of education. In a mandamus proceeding to compel payment of its claim the comptroller of the city contended that he was not obliged to pay relator because relator had not complied with section 261 of the Greater New York Charter which provided that no proceeding could be maintained against the city unless it was alleged that more than thirty days had elapsed since the claim had been presented to the comptroller for adjustment. The Court of Appeals held that though the Charter provision was a most salutary one it did not apply because the contract was not a contract of the city but of the board of education (p. 136). Later, the Legislature amended the Education Law so as to require the presentation of claims to the board of education before any proceedings could be commenced against such board and at the same time added a similar provision with respect to the board of higher education. (Laws of 1936, chap. 769, adding § 868-b to the Education Law, and Laws of 1936, chap. 767, adding § 1146

to the Education Law.) However, no action has been taken by the Legislature requiring the employees of either board to sign under protest to preserve their rights for claims against the board for back pay.

It is contended that plaintiff is an employee of the city within the meaning of section 93c-2.0 of the Administrative Code since subdivision 7 of section 981-1.0 of the same code defines an employee as " any person whose salary in whole or in part is paid out of the city treasury." The salary of plaintiff is fixed by the board of higher education pursuant to section 1143 of the Education Law which gives that board power to " fix salaries of teachers." In the same section it is provided as follows: " Money appropriated by the city to the board for college purposes, shall be placed in the custody of the comptroller of the city to the credit of said board and all disbursements from such funds shall be made by the said comptroller acting for and in behalf of such board upon requisitions duly audited and signed by the board or by a person or persons appointed by such board, by resolution filed with the comptroller, to act for it. Said comptroller shall audit the said account of the said board in the same manner as he audits the account of the board of education of the city. Any balance of any annual appropriation made by the city to the board, which may be unappropriated for college purposes by the board ninety days after the expiration of the calendar year for which the appropriation was made, shall *revert to the city treasury* and be credited to such uses as the board of estimate and apportionment or like financial body of the city may direct. * * * " (Emphasis ours.) This language makes it clear that, although the comptroller audits the accounts of the board, the funds are paid from the money appropriated by the city to defendant for college purposes. It will be observed that the statute also provides that any balance which may be unappropriated for college purposes ninety days after the expiration of the calendar year for which the appropriation was made shall revert to the city treasury.

In *Gunnison* v. *Bd. of Education* (*supra*) the court said (at p. 17): " The only relation that the city has to the subject of public education is as the custodian and depositary of school funds, and its only duty with respect to that fund is to keep it safely and disburse the same according to the instructions of the board of education. * * * "

Manifestly, plaintiff is not paid by the city of New York but by the board of higher education out of the appropriation which is turned over to it by the city. Hence, the provisions of the Administrative Code with respect to the requirement of signing the payrolls under protest are not applicable to plaintiff.

We hold, accordingly, that the Special Term erred in deciding that plaintiff's failure to sign under protest the payrolls of defendant barred him from recovering back salary. Plaintiff is entitled to judgment as demanded in his complaint.

It follows that the order and judgment appealed from should be modified by awarding plaintiff judgment for $160 for the balance of increment due in 1940 and for $160, being the half of the current year's increment, and eliminating therefrom the provision severing the claim for past increments, and, as so modified, the order and judgment should be affirmed.

GLENNON, UNTERMYER and CALLAHAN, JJ., concur; MARTIN, P. J., dissents.

MARTIN, P. J. (dissenting). In so far as the majority opinion holds that plaintiff is entitled to recover back increments though he failed to sign the payrolls under protest, I dissent. The disbursements of the board of higher education are subject to audit by the comptroller. Section 93c–2.0 of the Administrative Code is found in the chapter covering the office of comptroller, and would seem to be intended to be applicable to all salary payments subject to the comptroller's audit.

Order and judgment modified as indicated in opinion of COHN, J. Settle order on notice.