Lee B. Cottrell, Plaintiff, *v.* Board of Education of the City of New York et al., Defendants.

Supreme Court, Special Term, New York County, June 15, 1943.

*Thomas D. Thacher, Corporation Counsel (Nicholas Bucci* and *Joseph G. DeVito* of counsel), for respondents.

*A. Mark Levien* for plaintiff.

BERNSTEIN, J. This is a motion to strike out each of seven defenses interposed by the defendants and for judgment on the pleadings. The action has been brought by the plaintiff, a junior high school teacher, on behalf of himself and all other appointees of the defendant Board of Education similarly situated, for a judgment declaring illegal and void, under section 889 of the Education Law, the acts of that defendant in first reducing and ultimately eliminating the salary increment credit which it was required to grant to its appointees for their prior

service in schools other than the New York City public schools, under the terms of one of the general schedule conditions included in said defendant's salary schedules on file in the office of the State Commissioner of Education on March 5, 1931. The plaintiff also seeks judgment in the action directing the defendants to allow him salary credit for his prior teaching service in outside schools pursuant to said schedule condition, to adjust his present salary accordingly, and to pay him the difference between the salary that he has received and the salary that he was entitled to receive since his appointment on September 6, 1940. The several defenses interposed will be discussed in the course of passing upon the attacks made upon them.

The Board of Education adopted salary schedules for members of its teaching and supervising staffs on February 6, 1929, and filed them in the office of the State Commissioner. In 1931, the Legislature amended section 889 of the Education Law to provide that the Board should not reduce the salaries and increments fixed by its schedules and schedule conditions on file on March 5, 1931 (L. 1931, ch. 540). The salary schedule for teachers in junior high schools, as filed, provided for a first year salary of $2,040 and for eleven specified annual increments until the maximum salary of $3,830 had been attained. For the fourth year it thus aggregated $2,508. The filed schedules also contained certain general schedule conditions in the portion designated " General Regulations ". Subdivision 8 thereof, so far as pertinent, provided: " The certificate of the Superintendent of Schools that a * * * teacher has been credited by the Board of Examiners with a certain number of years of experience for service in schools other than the public schools of the City of New York * * * shall entitle such * * * teacher to the salary prescribed for the stated year of service by these By-laws ". Under its by-laws the Board of Examiners had fixed the number of years of salary credit to be allowed a newly appointed junior high school teacher for his teaching experience in outside schools, at the actual number of years' experience less two years. Since the plaintiff had, prior to his appointment by the Board of Education on September 6, 1940, served five years as a regularly appointed teacher of general science in the Hempstead High School, it is his claim that the Board of Examiners should have allowed him three years' credit, and that the Board of Education should have fixed and paid his initial annual salary on the basis of the fourth-year figure set up in its schedule, to wit, $2,508, instead of on the basis of $2,040, and his subsequent annual salaries on the basis of the increased rates set up in said schedule.

The refusal of salary credit is said to rest upon the following acts of the Board of Education: — (1) On February 24, 1932, it had revised its schedule condition so as to limit the Board of Examiners' allowance of an outside teaching experience credit to a maximum of three years; (2) On January 10, 1940, it had revised its schedule condition so as to further limit the allowance of the credit to one year; (3) On May 29, 1940, it had repealed its schedule condition entirely. These acts, the plaintiff claims, constituted a violation of the provisions of section 889 of the Education Law and were null and void. Having demanded that the defendants grant him the credits to which he claims to be entitled and to adjust his salary on the basis of those credits, and his demands having been refused, he has brought this action.

The first defense is predicated upon the point that since the Board of Education had repealed the schedule condition in question on May 29, 1940, several months prior to the plaintiff's appointment to his position, he never became entitled to any salary credit for outside teaching experience. That point, however, ignores section 889 of the Education Law, and the decisions of the courts thereunder. Those decisions have flatly held that any action that purports to eliminate or vary the salaries and increments fixed by the schedules and schedule conditions on file March 5, 1931, contravenes the statute (*Matter of Putnam* v. *Marshall,* 286 N. Y. 485; *Nelson* v. *Board of Higher Education of City of N. Y.,* 263 App. Div. 144, affd. 288 N. Y. 649; *Matter of Adams* v. *Board of Higher Education of City of N. Y.,* N. Y. L. J. August 27, 1941, p. 440, col. 4, affd. 263 App. Div. 804, affd. 288 N. Y. 652; *Matter of Cox* v. *Board of Education of City of N. Y.,* 178 Misc. 95, affd. 263 App. Div. 740). They have held that a schedule condition is a vital part of the salary schedule and that a repeal thereof has the effect of reducing the salary fixed by the Board and frozen by the Legislature. The regulation providing for a credit for the prior teaching experience of the plaintiff is contained in the filed schedule conditions and must be deemed to be an integral part of the legislative scheme to fix and freeze salaries. It serves the same purpose in that scheme as did the " Note (a) " in the *Cox* case (*supra*). Unlike the " Principles " involved in the *Putnam* case (*supra*), that regulation was actually a schedule condition fixing salaries (Education Law, § 889). To ignore it in fixing the plaintiff's salary was to violate the plain mandate of the statute. The first defense is consequently insufficient.

The second defense alleges that the by-law in question merely conferred discretion upon the Board to grant or withhold salary credits, and that the Board withheld such salary credits from the plaintiff in the due exercise of its discretion. Such a construction is plainly untenable in face of the use of the word " shall " in the first sentence of subdivision 8 of the " General Regulations " in contradistinction to the word " may " in the third and fourth sentences of said subdivision (*Roantree* v. *Board of Education of City of N. Y.,* N. Y. L. J. November 19, 1942, p. 1527, col. 6, affd. 266 App. Div. 652). The variance of phraseology in the several subdivisions definitely indicates a legislative discrimination between powers intended to operate imperatively and those intended to be confided to discretion. (*Matter of Goddard,* 94 N. Y. 544, 551.) If that be so, then the Board was prohibited by the 1931 amendment of section 889 from revising or repealing the provision of the first sentence so as to reduce or eliminate the salary increment credit for prior teaching experience in outside schools. That defense is consequently also insufficient.

The third defense merely undertakes to shift the blame from the Board to other agencies of government. It seeks shelter in the circumstance that, in the years 1939–1940 and 1940–1941, its budget was curtailed by reductions in State aid and City appropriations, and that it was consequently forced to reduce and eventually eliminate salary credits in order to live within its budgetary limitations. In the face of the mandatory provision of the Education Law that defense is plainly untenable. (*Matter of Frankle* v. *Board of Education of City of N. Y.,* 173 Misc. 1050, mod. 259 App. Div. 1006, affd. as mod. 285 N. Y. 541; *Matter of Sokolove* v. *Board of Education, N. Y. City,* 176 Misc. 1016.)

The fourth defense alleges that the by-law in question is not a salary schedule or schedule condition within the meaning of section 889 of the Education Law. The fifth defense alleges that the plaintiff had received salary and increments as provided for in schedule Ib of the salary schedules on file, and the Board's refusal to grant the plaintiff a salary credit for his outside experience did not operate as a reduction of the salary that he is entitled to under the law. Since the provision under discussion was a schedule condition which the Board had no power to change, its repeal constituted a violation of the statute (*Cox* v. *Board of Education of City of N. Y.,* 178 Misc. 95, affd. 263 App. Div. 740, *supra*), and the fourth and fifth defenses are therefore insufficient.

The sixth defense is based upon the plaintiff's signing of the printed form of monthly pay-roll receipt without protest. The Board contends that such signing effected a waiver of his claim and resulted in an accord and satisfaction. That contention, however, runs counter to the latest authority on the subject, where it was said: " We think, too, that plaintiff is entitled to recover back increments though he failed to sign under protest the payrolls of the Board of Higher Education." (*Nelson* v. *Board of Higher Education of City of N. Y.*, 263 App. Div. 144, 147, *supra.*)

Finally, the seventh defense is directed to an attack upon the complaint in that it has improperly united a cause of action for a declaratory judgment with one for a money judgment, and in that the plaintiff has adequate remedies at law by appeal to the Commissioner of Education under sections 890 and 891 of the Education Law and by proceedings under article 78 of the Civil Practice Act. That money damages may be sought and obtained as consequential relief in an action for a declaratory judgment appears from the statute itself (Civ. Prac. Act, § 211). In that respect the complaint follows the pattern of the one in the *Nelson* case (263 App. Div. 144, 151, *supra*). And it has been held that " where the right of a party depends upon the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, and thereby the party complaining is being deprived of valuable rights, the courts will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided." (*Matter of O'Connor* v. *Emerson*, 196 App. Div. 807, 810, affd. 232 N. Y. 561. See, also, *Nelson* v. *Board of Higher Education of City of N. Y.*, 263 App. Div. 144, 147, affd. 288 N. Y. 649, *supra.*) The seventh defense is thus also insufficient.

Since the denials in the answer are denials of conclusions rather than of facts, the finding of insufficiency of the defenses pleaded leaves no issue of fact in the case and warrants a judgment in favor of the plaintiff as prayed for in his complaint. Settle order and judgment accordingly.