In the Matter of CLAUDE F. McMASTER et al., Petitioners, against DAVID O. OWENS, JR., et al., Respondents.

Supreme Court, Special Term, Washington County, July 14, 1948.

*Leon M. Layden* for petitioners.

*Hinman, Straub and Manning* for respondents.

*Frank P. Graves* for New York State Teachers Association, *amicus curiæ.*

IMRIE, J. At Special Term at Hudson Falls, New York, on June 19, 1948, respondents moved the dismissal of the petition herein. By leave of court, brief has been submitted in behalf of New York State Teachers Association, as *amicus curiæ.*

Respondents urge, and petitioners do not disagree, that the alternative provision for appeal to the Commissioner of Education or by proceeding under article 78 of the Civil Practice Act contained in subdivision 4 of section 3013 of the Education Law, applies only to removal proceedings envisaged by subdivision 3 of the same section. It may have been the legislative intention to provide such a limitation, but the language of the section does not so indicate. The ordinary rules of statutory construction, requiring terms of general import to receive their full significance, in the absence of a contrary legislative intent, call for the conclusion that no part of the section in question is excepted from the operation of the final paragraph. However, that need not be the controlling conclusion for it is well established that the right of appeal to the Commissioner of Education (Education Law, § 310) is not exclusive and does not oust the courts of jurisdiction in cases, as here, calling for the interpretation of a statute affecting a valuable right. (*Matter of O'Connor* v. *Emerson,* 196 App. Div. 807, affd. 232 N. Y. 561; *Matter of Moses* v. *Board of Education of Syracuse,* 127 Misc. 477, affd. 218 App. Div. 811, revd. on other grounds 245 N. Y. 106; *Matter of Sokolove* v. *Board of Education of City of N. Y.,* 176 Misc. 1016; *Matter of Jacobson* v. *Board of Education of City of N. Y.,* 177 Misc. 809, mod. 265 App. Div. 837.)

This court has jurisdiction to hear the matter. There has been an implication in the briefs that a decision on the law could be made solely on the basis of the undenied statements of the petition, but there should be a more complete record for a final decision. I hold the petition sufficient, denying motion to dismiss, with leave to respondents to answer within ten days from the date of the service upon their attorneys of the order denying the motion, with notice of entry.