In the Matter of CLAUDE F. McMASTER et al., Petitioners, against DAVID O. OWENS, JR., et al., Constituting the Board of Education of Union Free School District No. 7, Town of Granville, Washington County, Respondents.

Supreme Court, Washington County, November 29, 1948.

*Leon M. Layden* for petitioners.

*John W. Manning* for respondents.

IMRIE, J. In this proceeding under article 78 of the Civil Practice Act petitioners seek a review of the determination of respondents, members of the board of education of union free school district No. 7 of the town of Granville, Washington County, New York, whereby respondents failed and refused to appoint on tenure the petitioner, Claude F. McMaster, as princi-

pal of the school of said district, and the petitioners, Lorraine B. O'Brien, Madeline Cline and Helen M. Provost, as teachers in the district. The petition herein was originally noticed for presentation at a Special Term of this court at Hudson Falls, New York, on June 19, 1948. At that time respondents moved for the dismissal of the petition upon the ground that the petitioners' sole remedy was by appeal to the State Commissioner of Education and, further, that the petition did not state facts sufficient to warrant the court in granting the relief sought. The motion for dismissal was denied and respondents were directed to answer (192 Misc. 687). Their answer having been interposed, the proceeding, by consent, came on for trial by the court without a jury at Supreme Court Chambers in Glens Falls, New York, on September 1, 1948.

It was agreed that the only issue raised by the pleadings, aside from the legal issues, was the question of the petitioners' competency to fill the respective positions previously held by them. Thus, the facts hereinafter stated are not disputed.

The school district here involved is one to which the tenure system for teachers was extended by chapter 833 of the Laws of 1945 (now Education Law, § 3013). Before the beginning of the school year in 1945 respondents, constituting the board of education, pursuant to the new statute, appointed petitioner McMaster principal of the district and petitioners O'Brien, Cline and Provost as teachers therein for a probationary term of three years. Petitioners served in their several positions through that period and up to the close of the school year in June, 1948. Petitioner McMaster had been principal and petitioners O'Brien and Cline had been teachers in the district for upwards of twenty years. Petitioner Provost had been a teacher in the school for approximately the probationary period.

Some time before April 6, 1948, the district superintendent of schools made a written report to the board of education recommending for appointment on tenure, from lists and reports furnished by the principal of the district, all of these petitioners, together with other persons. On that date the board appointed on tenure all of the persons so recommended by the district superintendent except petitioners. They were severally notified that their services would be dispensed with. No reason or cause for the action of the board of education with reference to these petitioners was given to them by the board. The district superintendent reported all of the petitioners to be competent, efficient and satisfactory in service.

At the hearing various witnesses testified as to the competency and efficiency of the several petitioners for the positions in which they had served during the period of probation, as well as the satisfactory services rendered by them. Upon the conclusion of the petitioners' proof respondents rested.

Obviously, the manner of petitioners' dismissal, without assigned reason, and respondents' failure to controvert their affirmative proof of efficiency and competency have made them feel that their treatment has been brusque and cavalier. Such a feeling is understandable. Their complaint here is, in substance, that, if a board of education may summarily disregard the recommendation of the district superintendent of schools for appointment on tenure, it may thereby prevent the act from ever becoming an effective instrument in producing the highly desirable results inherent, both to the schools and the teachers, in permanency of service.

The applicable section (Education Law, § 3013, subd. 2) provides for appointment on tenure in words as follows, " By a majority vote the board of education or trustees *may* then [upon receipt of such recommendation] appoint on tenure *any or all* of the persons recommended by the district superintendent of schools." (Italics supplied.)

Petitioners declare that the wording of this statute vests boards of education subject to its terms with a greater power than is possessed by boards subject to the earlier tenure statutes, which are now sections 2523 and 3012 of the Education Law. They assert that it is unreasonable to believe that the Legislature intended to grant an unrestricted discretion in the exercise of the power of appointment on tenure to boards of education in districts of less than 4,500 inhabitants when no such discretion exists in the larger districts and, therefore, it must be concluded that the discretion extended by the latest statute was intended to be a restricted discretion to be exercised reasonably rather than arbitrarily.

Respondents assert that they have acted within the scope of their authority under the statute and that their determination leaves nothing for review.

Petitioners' plea, as one for sustaining the tenure system of teacher appointments and for reinstatement, merits sympathetic consideration on both counts. After a comparison of the three existing tenure statutes and of the operation of the earlier ones, however, I must conclude that the 1945 statute (Education Law, § 3013) does no more than to perpetuate the board's scope of discretion with respect to appointments on **tenure.**

If it is true that, under those earlier statutes, boards of education do have discretion respecting appointments on tenure, then the issue here is substantially resolved and the additional discussion necessary to their consideration is justified.

For example, subdivision 2 of section 3012, in respect to the superintendent's recommendations for appointment, provides that, " Such persons, * * * who have served the probationary period as provided in this section, shall. hold their respective positions during good behavior and efficient and competent service * * *." It is obvious that a probationer does not acquire tenure simply by serving the term of probation and obtaining the superintendent's recommendation, because the same subdivision states that the superintendent " shall make a written report to the board of education recommending *for appointment* on tenure those persons who have been found competent, efficient, and satisfactory." (Italics supplied.) The responsibility as well as the power of appointment remain in the board of education.

The superintendent's recommendation must be followed by the affirmative act of appointment by the board if tenure is to be granted. (*Matter of High* v. *Board of Education, Town of North Hempstead,* 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815.) Nonaction on the part of the board of education is not equivalent to affirmative action of appointment. (*Matter of Holm* v. *Board of Education of City of Rochester,* 141 Misc. 194, 198, affd. 234 App. Div. 816, affd. 260 N. Y. 572.)

These statements, whether dicta or not, suggest that a board of education which may prevent a teacher's acquisition of tenure by failing to appoint after the receipt of the superintendent's recommendation may likewise achieve the same result by action contrary to the recommendation.

There is no such thing, under the earlier statutes, as automatic acquirement of tenure; rather, it is implicit in them that there remain in the board the right and responsibility of choice of the person to whom it may grant tenure.

In *Matter of McManus (Board of Education, Town of Haverstraw)* (64 N. Y. St. Dept. Rep. 99) Commissioner Cole, in denying the appeal, said (p. 102), " The statute, section 312-a [now § 3012], expressly requires both the *written* recommendation of the superintendent and formal action by the board of education." McManus had been recommended by the superintendent for appointment on tenure. The board of education, by resolution, disapproved the recommendation. The commissioner said (p. 103): " The placing of a teacher upon permanent tenure is

of great importance, both to the teacher and to the people of the district. The Legislature must have had this in mind when it enacted these laws which are in derogation of the common law and must be strictly construed.'' We find a similar viewpoint expressed in *Matter of High* v. *Board of Education, Town of North Hempstead (supra)*, relative to High's contention that his completion of the probationary year, coupled with the board's earlier offer of tenure (which it later rescinded) and his acceptance, constituted a tenure contract in anticipation of the end of the probationary year, where it is said (pp. 100–101) : '' I am of opinion that such a construction of the statute is both contrary to the explicit language thereof, and to its spirit; it would remove from the respondent [board of education] the safeguards which it was intended to have in the selection of its employees before they attained the privileges and permanency provided for in the Tenure Act.'' In that proceeding the court's determination, it is true, turned upon the fact that the superintendent's recommendation and the board's original favorable action thereon were premature and before the expiration of the probationary term. True, too, Commissioner Cole could have so ruled in the *McManus* matter *(supra)*. However, the quoted statements make clear the understanding that the recommendation alone of the superintendent is not sufficient to vest a probationer with tenure.

In both the *McManus* and *High* proceedings *(supra)* the respective boards of education apparently acted adversely on tenure for the petitioners without the specification of any reason or cause.

In *Matter of O'Connor* v. *Emerson* (196 App. Div. 807, 812–813, affd. 232 N. Y. 561) with relation to the tenure act affecting cities (Education Law, § 2523, formerly § 872), we find, '' There is no vested right in the position of principal or teacher or the emoluments thereof, except as the same may be given in a limited way by some express statute *(People ex rel. Peixotto* v. *Board of Education,* 212 N. Y. 463, 466) ; and while it is important that the tenure of office of a teacher should be made secure against personal, political or other unworthy attacks, *it is equally important that there be some freedom of choice on the part of the authorities after the test of experience, to the end that the schools shall be conducted and managed by those capable and fitted to do good work, and to act in harmony with their associates and their superiors in authority.''* (Italics supplied.)

The quotations from the *High* and the *O'Connor* opinions *(supra)*, I think, contain clear evidence of judicial interpreta-

tion of the earlier tenure acts as continuing broad discretion in boards of education when acting on tenure appointments. The commissioner's opinion in the *McManus* proceeding (*supra*) furnishes further evidence of a similar administrative construction. It is a recognized canon that the court may take judicial notice of the practical construction of provisions of a statute by administrative officials charged with its application and enforcement, and that such interpretation is entitled, where the meaning of the statute is doubtful, to great if not controlling weight. (*Matter of Armitage* v. *Board of Education of City of Auburn,* 122 Misc. 586, affd. 210 App. Div. 812, affd. 240 N. Y. 548.)

I am confident that it is thus established that none of the tenure acts is designed to deprive boards of education of the power of contracting with their employees. It is merely the character of the contract which has been changed.

The legislative expression in section 3013 is an unqualified statement of discretion on the part of the board in making appointments on tenure. No reason appears nor has one been shown for limiting the board's discretion in the selection of its employees before they attain the permanency provided for in the tenure act. The respondents acted in accordance with the authority vested in them by the statute and may have judgment dismissing the petition herein.