Percy D. Stoddart, J.
In this action, the plaintiffs, in their complaint and the defendant in his answer, pray for a judgment declaring their rights and duties as members of the Local Improvement Board of the Borough of Queens, City of New York. The plaintiffs are couneilmen and the defendant, the borough president.
According to the New York City Charter, the city is divided into certain “ local improvement districts ” (§ 292) and in each district there is a “local hoard” consisting “ of the borough president of the borough in which such district is located, any couneilmen elected at large for such borough, and the couneilmen representing each councilmanic district any part of the territory of which is embraced within such local improvement district.” (§ 293.) The function of a local board is to hold public hearings on petitions for assessable improvements within its district and after such hearings it may “ by resolution initiate proceedings for such assessable improvement * * * as the public convenience shall require ”. (§ 295, subd. a.)
The borough president is chairman of every local improvement board with the right to preside and to vote at all meetings (§ 82, subd. a). He may appoint a “ commissioner of borough works ” to represent him at the meetings (§ 82, subd. b) or he ‘ ‘ may authorize by instrument in writing filed with the city clerk any officer or employee appointed by him to exercise any of the powers and perform any of the duties of the president, including the power to act for or represent the president upon *100 the board of estimate upon filing such authorization with the board of estimate ” (§ 82, subd. f).
On March 25, 1952 at a meeting of the Local Improvement Board of the Borough of Queens, the plaintiff Quinn moved that a rule, known as rule 11, be adopted, which provides: ‘ ‘ 11. In the absence of the Borough President and the Commissioner of Borough Works, the Local Board meeting shall be opened by one of the Councilmen, who shall cause to be read any communication designating a temporary chairman. The communication shall be filed with the Clerk, whereupon the temporary chairman designated by the Borough President shall preside at the meeting.”
Presiding at that meeting as the representative of the defendant was I. Robert Bassin. The motion was carried with the only negative vote being cast by Bassin. Thereafter, at a meeting held on June 24, 1952, the plaintiffs insisted upon compliance with rule 11, when the same I. Robert Bassin appeared as the representative of the defendant, and upon the failure or refusal of Bassin to produce a written authorization from the defendant, the meeting did not proceed.
A written request for a meeting “ not later than July 8,1952 ” was sent to the defendant by the plaintiffs on June 24, 1952. No meeting was noticed for the time requested but the defendant did call a meeting for September 25, 1952. The calendar prepared by the defendant for said meeting did not have attached to it a paper containing the “ Rules of the Local Improvement Board ’ ’ but rather a page titled 11 Order of Procedure ”, and it also omitted certain items which were included in the calendar for the abortive meeting of June 24.
It is the contention of the plaintiffs that the board has the right to make rules for the conduct of its business and that rule 11 is valid. The defendant denies that the board has any rule-making power and in particular for the validity of rule 11.
The defendant cites section 293-2.0 of the Administrative Code in support of his position. That section provides that: “ § 293-2.0 Action of local board by resolution; certification thereof.— The action of a local board shall be by resolution. Every resolution of a local board shall, before it takes effect, be approved by the borough president. He shall certify all such resolutions, proceedings and determinations of the local boards in his borough.”
In Morris v. Cashmore (253 App. Div. 657, affd. 278 N. Y. 730) it was held that the adoption of rules by a legislative body are not matters required to be carried out by resolution and, therefore, a charter provision (§ 34) similar to section 293-2.0 *101 was inapplicable. Therefore, I hold that the board may make any rule of procedure which is not forbidden by or inconsistent with any statute.
With respect to rule 11, however, I believe the plaintiffs’ position is untenable. It infringes upon the powers of the defendant Avhich are expressly granted by subdivisions a and f of section 82 of the charter. If a councilman could open a meeting, he would for that purpose be the chairman. Moreover, if a councilman refused to open a meeting, the defendant’s representative, even though in possession of a letter or communication designating him as such representative would be unable to act as chairman. With respect to the production and filing of a written instrument, the rule would be compelling the defendant to do more than subdivision f of section 82 states he need do. The only place in which the defendant must file an instrument authorizing a representative to act on his behalf other than with the city clerk is with the board of estimate. A rule inconsistent Avith a statute is invalid (Nelson v. Board of Higher Educ. of City of N. Y., 263 App. Div. 144, affd. 288 N. Y. 649).
Another subject upon which the parties differ is upon the claimed right of the defendant to initiate proceedings for assessable improvements before the board of estimate Avithout first submitting the matter to the local board. Subdivision d of section 295 of the charter does provide that “ The board of estimate may on its oavu initiative authorize an assessable improvement ’ ’ but in view of the language of subdivision a of the same section, and the language of section 293-1.0 of the Administrative Code it must be held that as to petitions for assessable improvements which have been received by the borough president or which originate Avith him, a hearing should be held by the local board in the first instance (Reis v. City of New York, 188 N. Y. 58).
The defendant concedes and the court holds that the borough president must call a meeting when he receives a written request from any member of a local board (Administrative Code, § 293-1.0, subd. b, par. 3) but it is not the function of any councilman to dictate the time of the meeting. As subdivision a of section 295 of the charter and section 293-1.0 of the Administrative Code do not specify the time within which the meeting must be held, the meeting should be held within a reasonable time. It may be that after the written request of June 24 for a meeting that an earlier meeting could and should have been called than the meeting of September 25 but as the court can see no great harm caused by the delay it will make no declaration on that matter.
*102 With respect to the dispute concerning the filing with the city clerk of the authorization of I. Robert Bassin to act in place of the defendant, there is no need for an adjudication by this court for such designation is now of record and there is no request for a determination that the meetings at which Bassin presided prior to the recording in July, 1952, were illegal. The observation may be made, however^ that if the authorization were not filed in January, 1952, the meeting of March 25 was illegal and rule 11, which was adopted at that meeting, would be invalid by that fact alone.
Another question which the court will not determine is that involving the annexation of the “Rules” to the calendars. There is no proof of any statute or formally adopted rule requiring such practice. Moreover, an examination of Exhibit A and Exhibit H reveals not only that the information therein contained is for the benefit of the taxpayers and not necessary for the members of the board but that the items on which they differ are of no significance.
A judgment will be granted, without costs, declaring the rights of the parties in accordance with the above statement.
Submit judgment on notice.