Scileppi, J.
(dissenting). This article 78 proceeding, involving charges of religious bias and prejudice with regard to promotions at a tax-supported college, is not, in my opinion, premature (see, e.g*, Matter of Hughes v. Board of Higher Educ., 309 N. Y. 319; Matter of O’Connor v. Emerson, 196 App. Div. 807, 810, affd. 232 N. Y. 561). The only question of substance here, as I see it, is whether petitioners have made a sufficient showing to warrant a jury trial.
In this day and age, bias and prejudice are not often expressly declared but, rather, concealed. "Where they do exist they probably would be manifested by conduct and/or action. Thus a person claiming discrimination would normally be confronted with the problem of proving that certain conduct or acts are motivated by bias or prejudice. Certainly, as the Appellate *1100 Division suggests, a showing “ of systematic exclusion or restriction, or a generalized pattern ” is one method of proving unlawful discrimination. It is not, however, the only method. Essentially, the issue is one of fact, to be determined on the basis of all the facts in each case (see, e.g., Matter of Holland v. Edwards, 282 App. Div. 353, affd. 307 N. Y. 38). I am not suggesting that every bare charge of discrimination should be tested by a trial; however, in this ease we are confronted by allegations of specific instances tending to show the existence of bias and prejudice. In addition, there are the findings of the State Commission for Human Bights (formerly S. C. A. D.) to the effect that key personnel at Queens College have resisted the employment and promotion of Catholic teachers evidenced in a number of specific instances. Although these findings are not binding on the courts, they tend to demonstrate the existence of a triable issue here. Simply stated, I believe petitioners are entitled to their day in court.
I would reverse the order of the Appellate Division and reinstate the order of Special Term.
Order affirmed.