Henry Clay Greenberg, J.
This is an article 78 proceeding against the Chairman of the Board of Higher Education of the City of New York, commenced by the petitioner as a taxpayer, pursuant to section 51 of the General Municipal Law, section 66 of the Public Officer's Law, and section 1114 of the New York City Charter, ‘ ‘ to permit the petitioner as a taxpayer to inspect the records, vouchers, cash receipts and disbursements and any and other written records evidencing the expenditures of public *878 funds by the Board of Higher Education of the City of New York, or any unit thereof, for the period commencing January 1, 1958 up to and including October 13, 1964 ’ ’. Pursuant to CPLR 7804, the respondent has moved to dismiss the petition as a matter of law upon the grounds that petitioner is not entitled to the relief demanded.
It is difficult to believe that the petitioner could have expected the court to grant this kind of a roving and unlimited expedition into the affairs, in a sense, of the Board of Higher Education. Other than the fact that he states that he is a taxpayer, the petitioner shows no relationship to the matter in issue and fails to disclose wherein the public welfare would be served by this expansive inquiry, even if he would in other circumstances and on a substantial showing be entitled to an examination. The entire procedure strikes the court as one in harassment of the respondent, and to this end petitioner may not enlist the aid of the court.
On the law, neither section 51 of the General Municipal Law nor section 1114 of the New York City Charter brings the petitioner within the ambit of the provisions of either section, since the administration of the city colleges is a State function and the board is a State agency (see Matter of Board of Higher Educ. v. Carter, 14 N Y 2d 138; Nelson v. Board of Higher Educ., 263 App. Div. 144). Similarly, section 66 of the Public Officers Law is inapplicable to the instant request.
Accordingly, the cross motion to dismiss the petition is granted upon the grounds that the petition fails to allege sufficient facts to demonstrate a clear right to the relief requested, or that the respondent refused to perform a duty imposed by law. The motion to inspect is therefore denied.