■ COMMUNITY SCHOOL BOARD, DISTRICT No. 22, Appellant, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.— In a proceeding for injunctive relief and a declaratory judgment invalidating the alleged interference by the respondent Chancellor of the Board of Education of the City of New York with certain action taken by the petitioner community school board, petitioner appeals from a judgment of the Supreme Court, Kings County, entered September 7, 1973, which dismissed the petition, with leave to petitioner to pursue its appropriate administrative remedy. Judgment reversed, on the law, without costs, and it is adjudged that petitioner was without power and authority to pass the resolution in question and that the respondent Chancellor was acting within his power and authority in rejecting the resolution. On April 12, 1973, the petitioner community school board passed a resolution which, *inter alia,* stated that Intermediate Schools 14 and 78 shall be converted to junior high schools. Such a conversion would permit petitioner to change the feeder patterns into all the junior high schools in its district for the purpose of promoting quality integrated education in those schools. The respondent Chancellor commended petitioner's efforts to provide quality educational programs for all of its schools, but nevertheless disapproved the proposed change. His reasons were twofold. First, conversion of the intermediate schools into junior high schools would directly affect the high school programs, which are within the jurisdiction of the respondent city board of education. Under the present system, pupils graduate from intermediate school after completing the eighth grade and then attend a high school, which offers a four-year comprehensive program. Under the proposed conversion, the pupils would complete the ninth grade in a junior high school and then attend a high school for a three-year program. The Chancellor determined that the proposed conversion would be inconsistent with the established policy of the city board of education with respect to the four-year comprehensive high schools. Second, the Chancellor determined that the conversion would alter the racial makeup of ninth grade classes entering high schools, thus having a serious effect upon integration in the high schools. The city board of education affirmed the decision of the Chancellor. On July 31, 1973 petitioner commenced this proceeding to enjoin respondents from interfering with its operation and management of the schools within its district and for a declaration, *inter alia,* that it may organize the schools within its district for the purpose of promoting quality integrated education. Special Term dismissed the petition on the ground that the petitioner should have exhausted its administrative remedies by appealing the decision of the city board of education to the State Commissioner of Education. This case involves the interpretation of section 2590-e of the Education Law with respect to petitioner's power and

authority to convert the intermediate schools to junior high schools. Accordingly, the court will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided (*Matter of O'Connor* v. *Emerson*, 196 App. Div. 807, 810, affd. 232 N. Y. 561; *Board of Educ. of Cent. School Dist. No. 1 of Town of Otego* v. *Rickard*, 32 A D 2d 135, 138–139). Section 2590-e of the Education Law limits the powers of community school boards to the matters relating to their respective districts. Moreover, the powers conferred upon such boards by this statute are further limited to those "not inconsistent with * * * the policies established by the city board" (*Kryger* v. *Board of Educ. of N. Y. School Dist. of City of N. Y.*, 37 A D 2d 622). The resolution adopted by petitioner was in direct conflict with the established policy of the city board of education with respect to four-year comprehensive high schools. Petitioner conceded that the policy of the city board of education had evolved from an attempt to implement the suggestions of the Allen report, particularly with regard to improving racial integration in the high schools. Since the action proposed by petitioner was inconsistent with established policy of the city board of education, petitioner lacked authority to implement the change in question without the approval of the city board of education. Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.